**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1186-19

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

K.W.C.,

    Defendant-Appellant.

_____

Submitted January 19, 2021 – Decided March 10, 2021

Before Judges Messano and Hoffman.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 17-10-2846.

Joseph S. Scura, attorney for appellant.

Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for respondent (Hannah F. Kurt, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

After the judge denied his motion to suppress evidence, defendant K.W.C. pled guilty to third-degree possession of marijuana with intent to distribute within 1000 feet of a school, N.J.S.A. 2C:35-7(a), and third-degree possession of marijuana, N.J.S.A. 2C:35-10(a)(1).[1]  Pursuant to the negotiated plea agreement, the judge imposed concurrent five-year terms of imprisonment.

Defendant raises a single point on appeal.

> THE TRIAL COURT'S DENIAL OF THE DEFENDANT'S MOTION TO SUPPRESS WAS NOT SUPPORTED BY SUFFICIENT CREDIBLE EVIDENCE IN THE RECORD.

Having considered this argument in light of the record and applicable legal principles, we affirm.

The State contended the evidence was seized from defendant's home pursuant to a search warrant.  Defendant asserted the evidence was actually seized from his car parked in the driveway, which was not subject to the warrant.[2]  The judge noted the State also produced a written consent form

---

[1] We use defendant's initials pursuant to Rule 1:38-3(d)(19) and N.J.S.A. 2C:52-5.2(a).

[2] Defendant was indicted with his brother, Yvens St. Lot, who participated through separate counsel in the arguments and subsequent plenary hearing.  We do not know the disposition of the charges against St. Lot, and he is not a party to this appeal.

defendant allegedly executed permitting the search of his car, and defendant had not challenged the voluntariness of the consent.

However, defendant argued that police lacked any probable cause to believe the car contained contraband, and, therefore, the consent was invalid. More importantly, defendant pointed out that according to police reports, all the evidence was allegedly seized from defendant's home before he executed any consent form, and the State asserted no evidence was ever seized from any car. The judge granted defendant's request for a plenary hearing, but, because the State contended the search and seizure was pursuant to a valid warrant, he ruled that defendant bore the burden of proof in challenging its constitutionality.

Defendant produced three witnesses who were present at the home he shared with St. Lot when police executed the search warrant. Two of defendant's friends essentially testified that when police arrived, they were handcuffed along with defendant and taken outside. Each said they saw police officers immediately go to defendant's car and remove a black bag from its trunk. The State contended the drugs were found in a black bag inside one of the bedrooms in the house. One of the witnesses said police brought the black bag into the house through a side door and exited through the front door holding the bag; the other testified police immediately placed the bag in a police vehicle.

3 <span>A-1186-19</span>

Defendant's girlfriend also testified that she was in the house when police arrived. After they handcuffed her, they brought her and St. Lot outside. She never saw police with any black bag, and, contrary to what police alleged, she never saw a black bag in St. Lot's bedroom.

The State called Detective Andre Crayton as a witness. He testified that along with fellow members of the Irvington Police Department and New Jersey State Police, he executed a search warrant for defendant's home. Detective Crayton said a "canine unit" alerted the officers to specific areas of the home, one of which was a bedroom "right outside the living room." He found a black bag on the bed, which contained marijuana and "Molly."[3]

Detective Crayton said police sought defendant's consent to search the vehicles because "during . . . our surveillance . . . , the vehicles had been used mainly by [defendant] or they were moved around consistently from the driveway to the front of the house." The detective knew the search warrant did not include the cars. Detective Crayton testified, "[n]othing was located in the vehicles."

---

[3]  "Molly" is a street name for "'Methylenedioxy-N-ethylcathinone (MDEC/Ethylone),' a Schedule I narcotic drug." State v. Desir, 461 N.J. Super. 185, 187 n.1 (App. Div. 2019), aff'd as mod., ___ N.J. ___ (2021). Defendant and St. Lot were both indicted for possession of methamphetamine, possession with intent, and possession with intent within 1000 feet of a school.

The judge rendered an oral decision following the testimony. He appropriately observed that defendant's motion "require[d] the [c]ourt to make a determination of credibility. . . . [I]f the [c]ourt determines that the bag was seized from within the first-floor bedroom . . . then it was seized pursuant to a valid search warrant and . . . defendant's suppression [motion] must be denied."

The judge found Detective Crayton was a credible witness. He noted, however, that defendant's first two witnesses "contradicted each other regarding significant facts." For example, they did not agree on what police did with the black bag after allegedly seizing it from defendant's car. The judge noted that defendant's girlfriend was not present when police first approached St. Lot in the house, and, so, she was not in a position "to observe what was or was not present" at that time in the bedroom.

The judge noted that police "would have no motive to plant the bag" inside the house unless and until their search of the house pursuant to the warrant yielded no contraband; yet both of defendant's witnesses claimed that police immediately searched the car and seized the bag before entering the house, where, according to defendant, they found no drugs. This "timing" of alleged events was "inconsistent with [defendant's] planting theory." The judge cited the demeanor of the defense witnesses and the acknowledgment, by one, that

5

"he was smoking marijuana shortly before the officers['] arrival to execute the warrant." The judge found all three defense witnesses were "clearly bias[ed] towards the defense." He denied defendant's motion.

"When reviewing a trial court's decision to grant or deny a suppression motion, appellate courts 'must defer to the factual findings of the trial court so long as those findings are supported by sufficient evidence in the record.'" State v. Dunbar, 229 N.J. 521, 538 (2017) (quoting State v. Hubbard, 222 N.J. 249, 262 (2015)). "We will set aside a trial court's findings of fact only when such findings 'are clearly mistaken.'" Ibid. (quoting Hubbard, 222 N.J. at 262). Deference is afforded "because the 'findings of the trial judge . . . are substantially influenced by his [or her] opportunity to hear and see the witnesses and to have the 'feel' of the case, which a reviewing court cannot enjoy.'" State v. Reece, 222 N.J. 154, 166 (2015) (quoting State v. Locurto, 157 N.J. 463, 471 (1999)). We review legal conclusions of the trial court de novo. Hubbard, 222 N.J. at 263 (citing State v. Gandhi, 201 N.J. 161, 176 (2010)).

Despite the judge's extensive credibility findings, which he explained his reasons for reaching in detail, defendant would have us ignore these well-known standards of appellate review and conclude that the essential factual determination – the black bag was seized from defendant's home, not his car –

was unsupported by sufficient credible evidence and "clearly mistaken." Dunbar, 229 N.J. at 538 (quoting Hubbard, 222 N.J. at 262). We reject defendant's argument, which requires no further discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1186-19